# IN THE COURT OF APPEALS OF IOWA

No. 15-1397
Filed April 6, 2016

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**WILLIAM O. HICKEY III,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Polk County, Carol S. Egly, District Associate Judge.


　　　　A defendant appeals his sentence, following his guilty plea to theft in the third degree, contending the district court abused its discretion in imposing judgment. **AFFIRMED.**


　　　　Mark C. Smith, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

　　　　Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.


　　　　Considered by Tabor, P.J., and Bower and McDonald, JJ.

**TABOR, Presiding Judge.**

William Hickey III entered a guilty plea to one count of theft in the third degree, an aggravated misdemeanor, in violation of Iowa Code section 714.2(3) (2013) (criminalizing "theft of property" not exceeding $500 "by one who has before been twice convicted of theft"). In July 2015 the court sentenced him to an indeterminate two-year term of incarceration and ordered him to complete treatment for substance abuse in prison. Hickey appeals his sentence.

The presentence investigation (PSI) report showed, after September 2013, Hickey had five convictions for various levels of theft and a September 2013 conviction for possession of a controlled substance. The PSI also showed the revocation of Hickey's deferred judgment and probation for the drug offense and the revocation of his probation for a November 2013 third-degree theft. For his February 2014 conviction of third-degree theft, the court ordered Hickey to serve a two-year prison term. Less than two months after Hickey was discharged from prison on December 1, 2014, he committed the third-degree theft at issue here. Thereafter, in March 2015 the State charged Hickey with fifth-degree theft and possession of drug paraphernalia. The PSI recommended "Hickey be sentenced to prison. He has proven he is not willing to become a law-abiding citizen and/or refrain from illegal activity."

At the sentencing hearing, the prosecutor argued for incarceration, contending Hickey had been given "chance after chance after chance and continues" to commit theft. Defense counsel requested the court suspend Hickey's sentence and order probation with the condition he successfully complete inpatient treatment for substance abuse. Also at the hearing, Hickey

admitted he had a serious drug problem and had lied to the PSI reporter about his use of illegal drugs. In determining incarceration not probation was warranted, the court relied on the PSI, Hickey's dishonesty with the PSI reporter, his serious drug problem, his propensity for further criminal acts, his "previously failed probations," the nature and circumstances of the crime, the number of thefts he had committed "within the last few years," and the need to protect the public from further offenses.

On appeal, Hickey claims the court abused its discretion in determining incarceration was warranted and should have suspended his sentence. We review Hickey's challenge to his sentence for an abuse of discretion; any abuse of discretion necessarily results in legal error. *See State v. Valin*, 724 N.W.2d 440, 444 (Iowa 2006). "An abuse of discretion will not be found unless we are able to discern that the decision was exercised on grounds or for reasons that were clearly untenable or unreasonable." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

A sentencing court must examine "all pertinent information" and then determine an authorized sentence providing the "maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others." Iowa Code § 901.5. Additionally, before suspending sentence, the court must consider the defendant's prior record of convictions or deferred judgments, employment status, family circumstances, and any other relevant factors. *Formaro*, 638 N.W.2d at 725.

Here, the court imposed a sentence within the statutory limit. Thus, the sentence is "cloaked with a strong presumption in its favor." *Id.* at 724. Our

review of the record shows the sentence was carefully crafted to ensure Hickey addressed one of the underlying causes of his criminal acts, his drug abuse, while at the same time protecting the public from his continued thefts. We do not find the sentence to be clearly unreasonable or based upon untenable grounds; rather, the sentence was a sound exercise of the court's discretion. *See id.* at 725 (stating a court's "task on appeal is not to second guess the decision made by the district court"). Having found no abuse of discretion by the sentencing court, we affirm.

**AFFIRMED.**